UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY GREENHILL,

    Plaintiff

    -against-

THE SUDDATH COMPANIES d/b/a
SUDDATH RELOCATION SYSTEMS OF
NEW YORK, INC.,

    Defendant.

**COMPLAINT**

**Jury Trial Demanded**

**08 CIV. 0966**

ECF Case

JUDGE KARAS

I. **INTRODUCTION**

    1.    Plaintiff Nancy Greenhill brings this lawsuit against her former employer, The Suddath Companies, d/b/a Suddath Relocation Systems of New York, Inc. (hereinafter "Suddath"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the New York Human Rights Law, N.Y. Exec. Law §296 as well as the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*

II. **PARTIES**

    2.    Plaintiff Nancy Greenhill is a woman residing in the Town of Cornwall, Orange County, New York who was employed by defendant from 1999 until constructively discharged in 2005.

    3.    Defendant Suddath is a national provider of corporate relocation and household moving, whose corporate office is in Jacksonville, Florida and conducts business in New York in Suffern, Rockland County.

### III. JURISDICTION AND VENUE

4. Since all relevant events occurred in Rockland County, New York, venue is properly found in this Court.

5. As plaintiff brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction over pendent state claims pursuant to 28 U.S.C. §1367.

6. In or about September 2005, plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. After an investigation, the EEOC issued a Determination of Probable Cause on the charge of gender discrimination.

7. Fewer than 90 days have elapsed since plaintiff received a Notice of Right to Sue.

### IV. FACTS

8. Plaintiff commenced employment with Suddath in September 1999 as an Accounts Payable clerk. In or about June 2000, she was promoted to the position of Revenue Account Manager.

9. In or about March 2004, another company offered plaintiff a higher paying position with greater responsibilities. After she gave notice to Suddath, the company offered plaintiff a promotion to Assistant Controller with a substantial pay increase and greater responsibilities. Plaintiff accepted this promotion and turned down the competing offer. At the time, the General Manager of Suddath New York recognized plaintiff as the "most highly rated" employee in the branch.

10. At all times, plaintiff performed her job responsibilities very well, as reflected in her performance reviews and other documents.

11. On or about May 3, 2005, plaintiff commenced taking FMLA leave due to her pregnancy. On July 27, 2005, while still out on FMLA leave, plaintiff was summoned to meet with branch controller Lou Gentile and new General Manager, Jon Rapp. At this meeting, Mr. Rapp told plaintiff that the branch needed to cut costs and gave her two options: (1) resign immediately with one month's severance pay; or (2) accept a demotion to a Pricing Drivers and Settlements clerk, with substantially reduced responsibilities and an approximate $20,000 annual pay cut.

12. Rapp indicated that he hoped plaintiff would resign. However, needing employment, plaintiff accepted the demotion and returned to work as a clerk.

13. Shortly thereafter, plaintiff learned that Suddath had promoted a less-experienced and less-qualified male to a Dispatch Supervisor position.

14. Suddath did not offer, nor give plaintiff an opportunity to apply for, this position.

15. On or about September 15, 2005, plaintiff resigned from her clerical position.

16. As a consequence of Suddath's discriminatory misconduct and violation of plaintiff's rights pursuant to FMLA, plaintiff has lost wages, benefits and career opportunities and has suffered emotional damages including humiliation, loss of esteem and other pain and suffering.

**CAUSES OF ACTION**

17. Plaintiff hereby incorporates paragraphs 1-16 as if fully restated herein.

18. Defendant discriminated against plaintiff on account of her gender by eliminating

her position while she was on maternity leave and promoting a less-qualified male to a comparable supervisory position, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the New York Human Rights Law, N.Y. Exec. Law §296.

19. Defendant willfully violated the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* when it eliminated plaintiff's position while she was on maternity leave and failed to offer her a comparable position upon her return.

**WHEREFORE**, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff back and front pay;

d. award to plaintiff compensatory damages sustained as a result of defendant's discriminatory misconduct;

e. award to plaintiff double damages for defendant's willful FMLA violation;

f. award to plaintiff punitive damages for defendant's willful and outrageous conduct in connection with her federal claims;

g. award attorneys fees and costs; and

h. award any other relief deemed just and proper.

Dated: January 28, 2008
Chester, New York

Respectfully submitted,

S/_____
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

her position while she was on maternity leave and promoting a less-qualified male to a comparable supervisory position, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the New York Human Rights Law, N.Y. Exec. Law §296.

19. Defendant willfully violated the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* when it eliminated plaintiff's position while she was on maternity leave and failed to offer her a comparable position upon her return.

**WHEREFORE**, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff back and front pay;

d. award to plaintiff compensatory damages sustained as a result of defendant's discriminatory misconduct;

e. award to plaintiff double damages for defendant's willful FMLA violation;

f. award to plaintiff punitive damages for defendant's willful and outrageous conduct in connection with her federal claims;

g. award attorneys fees and costs; and

h. award any other relief deemed just and proper.

Dated: January 28, 2008
Chester, New York

Respectfully submitted,

S/
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff