UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NANCY GREENHILL,

            Plaintiff,

  -against-

THE SUDDATH COMPANIES, d/b/a
SUDDATH RELOCATION SYSTEMS OF
NEW YORK, INC.,

            Defendant.

------------------------------------------------------------------------x

**ANSWER**

08 Civ. 0966 (KMK)

ECF Case

      Defendant, improperly named as the Suddath Companies, d/b/a Suddath Relocation Systems of New York, Inc. ("Suddath" or "Defendant"), by its attorneys, Keane & Beane, P.C., as and for its Answer to the Complaint in the above-captioned action, respectfully alleges as follows:

      1.    Paragraph 1 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response to paragraph 1 of the Complaint is required, Defendant admits that this lawsuit alleges gender discrimination, and denies that Plaintiff has been discriminated against under any local, State or Federal law.

      2.    Defendant denies having knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except to deny that Plaintiff was constructively discharged and to admit that Plaintiff is a female and was employed by Suddath.

      3.    Defendant admits the allegations set forth in paragraph 3 of the Complaint.

      4.    Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response to paragraph 4 of the Complaint is required, Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response to paragraph 5 of the Complaint is required, Defendant admits that this Court has jurisdiction over this action, but denies that Plaintiff is entitled to any relief under any local, State or Federal employment law.

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff gave notice to Suddath that she was leaving their employment with Suddath; that she was then offered another position at Suddath with a pay increase and greater responsibilities; and that she accepted this offer. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint and affirmatively asserts that Plaintiff was a satisfactory employee while employed by Suddath. Defendant respectfully refers the Court to Plaintiff's performance reviews and other documents referred to in paragraph 10 of the Complaint for their true meaning and interpretation.

11. Defendant denies the allegations in paragraph 11 of the Complaint except to admit that Plaintiff went out on FMLA leave in or about May 2005, that in or about the end of July, 2005, she met with a Suddath representative and was advised that her current position was being eliminated and was offered another position with the Company, or the opportunity to resign and receive severance pay.

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Defendant denies having knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 13 of the Complaint and denies that a less-qualified person was hired as a Dispatch Supervisor position.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint except to admit that Suddath did not offer the Dispatch Supervisor position to Plaintiff.

15. Defendant denies having knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 15 of the Complaint, except to admit the allegations set forth in paragraph 15 of the Complaint that on or about September 15, 2005, Plaintiff resigned her position with Suddath.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant hereby incorporates paragraphs 1 through 16 as if fully answered herein.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies allegations set forth in the **WHEREFORE** clause.

### FIRST AFFIRMATIVE DEFENSE

21. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred due to her failure to exhaust all administrative remedies and/or meet all procedural and/or jurisdictional prerequisites to bringing an action

under Title VII, including, but not limited to, failing to pursue an opportunity to conciliate her charge of discrimination filed with the EEOC.

### THIRD AFFIRMATIVE DEFENSE

23. The claims set forth in the Complaint are barred by the statute of limitations to the extent they are based on alleged unlawful actions that occurred outside the applicable limitations period.

### FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff is not entitled to any relief under Title VII for alleged conduct that occurred prior to 300 days before the filing of her charge of discrimination with the EEOC.

### FIFTH AFFIRMATIVE DEFENSE

25. Upon information and belief, Plaintiff's claims are barred by the applicable statute of limitations because she failed to commence this action within ninety (90) days after receiving the right to sue.

### SIXTH AFFIRMATIVE DEFENSE

26. The claims set forth in the Complaint are barred to the extent that they are based upon alleged unlawful activities which were undertaken in good faith, in compliance with and in reliance on applicable administrative regulation, order, ruling, approval, interpretation, policy or practice.

## SEVENTH AFFIRMATIVE DEFENSE

27. Any employment actions and alleged failures to act by Defendant with regard to the employment of Plaintiff were based on legitimate business reasons and were made in good faith. Even if Plaintiff could show a discriminatory motive for such actions or failures to act by Defendant, Defendant would have would have made, the same decisions on the basis of legitimate and non-discriminatory business reasons in the absence of any alleged discriminatory motive.

## EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to mitigate damages, if any, by making reasonable efforts to locate and/or accept subsequent employment after her voluntary resignation from employment with Defendant.

## NINTH AFFIRMATIVE DEFENSE

29. Should this Court find that Plaintiff is entitled to compensatory or punitive damages for any alleged violations of Title VII of the Civil Rights Act, as amended, the sum of the amount of compensatory and punitive damages should be limited as specified in 42 U.S.C. § 1981a.

## TENTH AFFIRMATIVE DEFENSE

30. Any back pay or front pay to which Plaintiff claims she is entitled must be offset by Plaintiff's interim earnings from employment and any amount that Plaintiff received in any benefits of any kind.

## ELEVENTH AFFIRMATIVE DEFENSE

31. Defendant at all times made good faith efforts to comply with Title VII and other anti-discrimination laws, and therefore, Plaintiff is not entitled to an award of punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

32. Plaintiff is not an "eligible employee," and therefore, she is not entitled to the benefits of the Family and Medical Leave Act because Defendant does not have fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff fails to allege facts sufficient to support a claim of constructive discharge.

### FOURTEENTH AFFIRMATIVE DEFENSE

34. Defendant denies that Plaintiff was employed by The Suddath Companies, d/b/a Suddath Relocation Systems of New York, Inc., and affirmatively states that Plaintiff's employer was Suddath Relocation Systems of New York, Inc., a subsidiary of Suddath Van Lines, Inc.

**WHEREFORE**, Defendant demands judgment as follows:

(a) Dismissing the Complaint herein in its entirety; and

(b) Ganting Defendant such other and further relief as this Court may deem just and proper, including costs, disbursements and attorneys' fees.

Dated: White Plains, New York
March 11, 2008

KEANE & BEANE, P.C.

By: _____
Eric L. Gordon (EG 7301)
Attorneys for Defendant
445 Hamilton Avenue, 15th Floor
White Plains, New York 10601
(914) 946-4777

Of counsel:

William H. Andrews
Florida Bar No. 145660
COFFMAN, COLEMAN, ANDREWS
 & GROGAN, P.A.
P.O. Box 40089
Jacksonville, FL 32203
Telephone: (904) 89-5161
Facsimile: (904)387-9340


TO:   Helen G. Ullrich (HU 6597)
      BERGSTEIN & ULLRICH, LLP
      Attorneys for Plaintiff
      15 Railroad Avenue
      Chester, NY 10918
      (845) 469-1277
      (VIA ECF FILING)

08 CIV. 0966 (KMK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY GREENHILL,

          Plaintiffs,

-against-

THE SUDDATH COMPANIES, d/b/a SUDDATH RELOCATION SYSTEMS OF NEW YORK, INC.,

          Defendants.

ANSWER

Law Offices of
**KEANE & BEANE, P.C.**
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
914-946-4777

-9-